**EXHIBIT 1**

Case Number: CACE-21-000668 Division: 03

Filing # 119445997 E-Filed 01/12/2021 09:36:08 AM

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

Case No.

INITIALS ᴡ ᴾ    ID#_____

DATE 1-14-21 TIME 1:00 pm

MARIANA CARDOSO,
*individually and on behalf of all others
similarly situated,*

      Plaintiff,

vs.

RWJ BARNABAS HEALTH, INC.,

      Defendant.

_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**



## SUMMONS
## IMPORTANT

**To Each Sheriff of the State:**

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on the following defendant:

      RWJ BARNABAS HEALTH, INC by serving its Registered Agent,
      DAVID A. MEBANE at the address of 95 Old Short Hills Road, West Orange, NJ
      07052

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney whose name and address is

                  **EISENBAND LAW, P.A.**
                  Michael Eisenband
                  515 E. Las Olas Boulevard,
                  Suite 120
                  Ft. Lauderdale, Florida 33301
                  Email: MEisenband@Eisenbandlaw.com
                  Telephone: 954.533.4092

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court (Broward County Courthouse, Clerk of Court, 201 SE Sixth Street, Ft. Lauderdale, FL 33301) either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

1

WITNESS my hand and the seal of said Court on _____JAN 13 2021_____

BRENDA D. FORMAN
CLERK OF THE CIRCUIT COURT

By: _____

BRENDA D. FORMAN

If you are a person with a disability who needs any accommodation in order to participate
in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.
Please contact Diana Sobel at 954-831-7721, Room 201140, 201 SE Sixth Street, Ft.
Lauderdale, FL 33301 at least 7 days before your scheduled court appearance, or
immediately upon receiving this notification if the time before the scheduled appearance
is less than 7 days, if you are hearing or voice impaired call 711.

2

Filing # 119445997 E-Filed 01/12/2021 09:36:08 AM

### IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
### IN AND FOR BROWARD COUNTY, FLORIDA

Case No.

MARIANA CARDOSO,
*individually and on behalf of all others*
*similarly situated,*

      **CLASS ACTION**

         Plaintiff,

vs.

      **JURY TRIAL DEMANDED**

RWJ BARNABAS HEALTH, INC.,

         Defendant.

_____/

### CLASS ACTION COMPLAINT

Plaintiff Mariana Cardoso brings this class action against Defendant RWJ Barnabas Health

Inc., and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and

experiences, and, as to all other matters, upon information and belief, including investigation

conducted by Plaintiff's attorneys.

### NATURE OF THE ACTION

1.     This is a putative class action under the 47 U.S.C. § 227 *et seq.*, the Telephone

Consumer Protection Act ("TCPA"), and 47 CFR § 64.1200.

2.     To promote its healthcare services, Defendant engages in unsolicited prerecorded

calls without the requisite consent.

3.     Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful

conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of

the daily life of thousands of individuals.  Plaintiff also seeks statutory damages on behalf of

himself and Class Members, as defined below, and any other available legal or equitable remedies

resulting from the unlawful actions of Defendant.

4.      Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen and resident of Broward County, Florida.

5.      Defendant is, and at all times relevant hereto was, a New Jersey corporation and a "person" as defined by 47 U.S.C. § 153(39) that maintains its primary place of business and headquarters in West Orange, New Jersey. Defendant directs, markets, and provides business activities throughout the State of Florida.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

7.      Defendant is subject to specific personal jurisdiction in Florida because this suit arises out of and relates to Defendant's significant contacts with this State.  Defendant initiated and directed, or caused to be initiated and directed, prerecorded messages into Florida in violation of the TCPA.

8.      Specifically, Defendant initiated and directed, or caused to be initiated and directed, the transmission of unsolicited prerecorded messages to Plaintiff's cellular telephone number (the "2021 Number") to in Florida. The 2021 Number has an area code (954) that specifically coincides with locations in Florida State, and Plaintiff received such messages on the 2021 Number while residing in and physically present in Florida.

9.      Venue for this action is proper in this Court because all facts giving rise to this action occurred in this circuit.

## FACTS

10.     On or about November 3, 2020, November 10, 2020, November 11, 2020, November 18, 2020, November 24, 2020, December 1, 2020 and December 8, 2020, Defendant made a call to Plaintiff's cellular telephone number ending in 2021 (the "2021 Number") using a prerecorded voice.

11.     The following is a transcript of the prerecorded message that Defendant sent to Plaintiff's cellular telephone:

> Hello, my name is Beverly with RWJ Barnabas Health System's Business office. This is a courtesy call from our customer service department. Please call our office toll free at 877-221-7809 to speak with a representative. For your convenience our telephone customer service hours are Monday through Friday 8AM to 6PM Eastern Time. Once again, our call back number is toll free 877-221-7809. Thank you for choosing RWJ Barnabas Health and have a great ...

12.     When Plaintiff listened to prerecorded message, she was easily able to determine that it was prerecorded. *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

13.     Defendant's prerecorded call constitutes telemarketing because the purpose of the message was to promote Defendants goods and/or services.

14.     At least one of the prerecorded calls Plaintiff received originated from (877-221-7809) a telephone number owned and/or operated by Defendant.

15.     Plaintiff received the subject call with a prerecorded voice within this judicial circuit and, therefore, Defendant's violation of the TCPA occurred within this circuit. Upon information and belief, Defendant caused other prerecorded messages to be sent to individuals residing within this judicial circuit.

16.     Plaintiff never provided Defendant with her cellular telephone and never gave Defendant consent to call him on his cellular telephone utilizing a prerecorded message.

17.     Plaintiff is the sole user and/or subscriber of the 2021 Number.

18.     Defendant's unsolicited call caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.  Defendant's calls also inconvenienced Plaintiff and caused disruption to her daily life.  Additionally, Plaintiff wasted approximately twenty seconds listening to Defendant's messages, and Defendant's calls rendered Plaintiff's cellular telephone inoperable for other uses while she was listening to Defendant's unsolicited messages.

## CLASS ALLEGATIONS

### PROPOSED CLASS

19.     Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3).  The "Class" that Plaintiff seeks to represent is comprised of class and defined as:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, received a prerecorded voice call on their telephone from Defendant or anyone on Defendant's behalf without emergency purpose and without the recipient's prior consent.**

20.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

21.     Upon information and belief, Defendant has placed prerecorded calls to telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

22.     The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

## COMMON QUESTIONS OF LAW AND FACT

23.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant made non-emergency calls to Plaintiff and Class members' telephones using a prerecorded message; [2] Whether Defendant can meet its burden of showing that it had express written consent to make such calls; [3] Whether Defendant's conduct was knowing and willful; [4] Whether Defendant is liable for damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

24.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded calls to telephone numbers, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

## TYPICALITY

25.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

PROTECTING THE INTERESTS OF THE CLASS MEMBERS

26.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

SUPERIORITY

27.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

28.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(b)**
*Individually and on behalf of the Class*

29.     Plaintiff re-alleges and incorporates paragraphs 1-28 as if fully set forth herein.

30.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any

automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ...." 47 U.S.C. § 227(b)(1)(A)(iii), and "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party..." 47 U.S.C. § 227(b)(1)(B).

31.     Defendant transmitted calls using an artificial or prerecorded voice to the telephone numbers of Plaintiff and members of the putative class.

32.     These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express written consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

33.     Defendant has, therefore, violated § 227(b)(1)(A)(iii) and § 227(b)(1)(B) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their prior express consent.

34.     Defendant knew that it did not have prior express consent to make these calls and knew, or should have known, that it was using an artificial or prerecorded voice. The violations were therefore willful or knowing.

35.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id.*

36.     Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express consent to receive its prerecorded calls to their telephones, the Court should treble the amount of statutory damages available to Plaintiff and members of the putative Class, pursuant to § 227(b)(3) of the TCPA.

**WHEREFORE**, Plaintiff on behalf of himself and the other members of the Class, pray for the following relief:

a.  A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b.  An injunction prohibiting Defendant from using an artificial or prerecorded voice to contact telephone numbers without the prior express permission of the called party;

c.  An award of actual and statutory damages; and

d.  Such further and other relief the Court deems reasonable and just.

### COUNT II
### VIOLATION OF 47 C.F.R. § 64.1200
*Individually and on behalf of the Class*

37.     Plaintiff re-alleges and incorporates paragraphs 1-33 as if fully set forth herein.

38.     It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call...using an...artificial or prerecorded voice...To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

39.     Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate any telephone call to any residential line using an artificial or prerecorded voice to

deliver a message without the prior express written consent of the called party..." 47 C.F.R. §
64.1200(a)(3).

40.     Defendant transmitted calls using an artificial or prerecorded voice to the telephone

numbers of Plaintiff and members of the putative class without their prior express written consent.

41.     Defendant has, therefore, violated § 64.1200(a)(1)(iii) and § 64.1200(a)(3) by using

an artificial or prerecorded voice to make non-emergency telephone calls to the telephones of

Plaintiff and the other members of the putative Class without their prior express written consent.

42.     Defendant knew that it did not have prior express written consent to make these

calls, and knew or should have known that it was using an artificial or prerecorded voice. The

violations were therefore willful or knowing.

43.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA,

Plaintiff and the other members of the putative Class were harmed and are each entitled to a

minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an

injunction against future calls. *Id.*

44.     Because Defendant knew or should have known that Plaintiff and the other

members of the putative Class had not given prior express consent to receive its prerecorded calls

to their telephones the Court should treble the amount of statutory damages available to Plaintiff

and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

**WHEREFORE**, Plaintiff on behalf of herself and the other members of the Class, pray for

the following relief:

a. A declaration that Defendant's practices described herein violate §
64.1200(a)(1)(iii) and § 64.1200(a)(3);

b.  An injunction prohibiting Defendant from using an artificial or prerecorded voice to contact telephone numbers without the prior express permission of the called party;

c.  An award of actual and statutory damages; and

d.  Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

DATED: January 12, 2021

Respectfully submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com
(t) 954.400.4713

**EISENBAND LAW, P.A.**
Florida Bar No. 94235
515 E Las Olas Blvd, Ste. 120
Fort Lauderdale, FL 33301
Email: meisenband@eisenbandlaw.com

Telephone:954-533-4092